# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Latoya Lation Wilson

## DEFENDANTS
University Circle, Inc.; University Circle Police Department; John Gerbs; Bradley Nicholson; Timothy Gano

**(b)** County of Residence of First Listed Plaintiff: Cuyahoga County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Cuyahoga County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Taubman Law
1444 W 25th Street, Cleveland, OH 44113

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**TORTS — PERSONAL INJURY**
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**
- 365 Personal Injury - Product Liability
- 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**CIVIL RIGHTS**
- [x] 440 Other Civil Rights
- 441 Voting
- 442 Employment
- 443 Housing/ Accommodations
- 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 448 Education

**PRISONER PETITIONS — Habeas Corpus:**
- 463 Alien Detainee
- 510 Motions to Vacate Sentence
- 530 General
- 535 Death Penalty

**Other:**
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition
- 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- 625 Drug Related Seizure of Property 21 USC 881
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Management Relations
- 740 Railway Labor Act
- 751 Family and Medical Leave Act
- 790 Other Labor Litigation
- 791 Employee Retirement Income Security Act

**IMMIGRATION**
- 462 Naturalization Application
- 465 Other Immigration Actions

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 835 Patent - Abbreviated New Drug Application
- 840 Trademark
- 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- 375 False Claims Act
- 376 Qui Tam (31 USC 3729(a))
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit (15 USC 1681 or 1692)
- 485 Telephone Consumer Protection Act
- 490 Cable/Sat TV
- 850 Securities/Commodities/ Exchange
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 893 Environmental Matters
- 895 Freedom of Information Act
- 896 Arbitration
- 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. 1983
Brief description of cause:
excessive use of force by police officers

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

**I.**    Civil Categories: (Please check o<u>ne category only  </u>).

1. [✔] General Civil
2. [ ] Administrative Review/Social Security
3. [ ] Habeas Corpus Death Penalty

*If under Title 28, §2255, name the SENTENCING JUDGE: _____

CASE NUMBER: _____

**II.**   **RELATED OR REFILED CASES** See LR 3.1 which provides in pertinent part: "If an action is filed or removed to this Court and assigned to a District Judge after which it is discontinued, dismissed or remanded to a State court, and subsequently refiled, it shall be assigned to the same Judge who received the initial case assignment without regard for the place of holding court in which the case was refiled. Counsel or a party without counsel shall be responsible for bringing such cases to the attention of the Court by responding to the questions included on the Civil Cover Sheet."

This action: [ ] is **RELATED** to another **PENDING** civil case    [ ] is a **REFILED** case    [ ] was **PREVIOUSLY REMANDED**

**If applicable, please indicate on page 1 in section VIII, the name of the Judge and case number.**

**III.**   In accordance with Local Civil Rule **3.8**, actions involving counties in the Eastern Division shall be filed at any of the divisional offices therein. Actions involving counties in the Western Division shall be filed at the Toledo office. For the purpose of determining the proper division, and for statistical reasons, the following information is requested.

ANSWER ONE PARAGRAPH ONLY. ANSWER PARAGRAPHS 1 THRU 3 IN ORDER. UPON FINDING WHICH PARAGRAPH APPLIES TO YOUR CASE, ANSWER IT AND STOP.

(1)   **Resident defendant**. If the defendant resides in a county within this district, please set forth the name of such county

**COUNTY:** Cuyahoga County

<u>Corporation</u> **For the purpose of answering the above, a corporation is deemed to be a resident of that county in which it has its principal place of business in that district.**

(2)   **Non-Resident defendant**. If no defendant is a resident of a county in this district, please set forth the county wherein the cause of action arose or the event complained of occurred.

**COUNTY:**

(3)   **Other Cases**. If no defendant is a resident of this district, or if the defendant is a corporation not having a principle place of business within the district, and the cause of action arose or the event complained of occurred outside this district, please set forth the county of the plaintiff's residence.

**COUNTY:**

**IV.**   The Counties in the Northern District of Ohio are divided into divisions as shown below. After the county is determined in Section **III**, please check the appropriate division.

**EASTERN DIVISION**

[ ] AKRON     (Counties: Carroll, Holmes, Portage, Stark, Summit, Tuscarawas and Wayne)
[✔] CLEVELAND     (Counties: Ashland, Ashtabula, Crawford, Cuyahoga, Geauga, Lake, Lorain, Medina and Richland)
[ ] YOUNGSTOWN     (Counties: Columbiana, Mahoning and Trumbull)

**WESTERN DIVISION**

[ ] TOLEDO     (Counties: Allen, Auglaize, Defiance, Erie, Fulton, Hancock, Hardin, Henry, Huron, Lucas, Marion, Mercer, Ottawa, Paulding, Putnam, Sandusky, Seneca VanWert, Williams, Wood and Wyandot)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

I.(a)  **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  (b)  **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  (c)  **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.  **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III.  **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

IV.  **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

V.  **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI.  **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII.  **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.  **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| LATOYA LATION WILSON, | ) | |
| 5195 Outhwaite Avenue #1680 | ) | Case No. |
| Cleveland, OH 44104 | ) | |
| | ) | Judge |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNIVERSITY CIRCLE, INC. | ) | |
| 10831 Magnolia Drive | ) | |
| Cleveland, OH 44106 | ) | |
| | ) | |
| UNIVERSITY CIRCLE POLICE | ) | |
| DEPARTMENT | ) | |
| 12100 Euclid Avenue, | ) | |
| Cleveland, OH 44106 | ) | |
| | ) | |
| JOHN GARBO | ) | |
| 12100 Euclid Avenue, | ) | |
| Cleveland, OH 44106 | ) | |
| | ) | |
| BRADLEY NICHOLSON | ) | |
| 12100 Euclid Avenue, | ) | |
| Cleveland, OH 44106 | ) | |
| | ) | |
| TIMOTHY CAINE | ) | **COMPLAINT WITH JURY** |
| 12100 Euclid Avenue, | ) | **DEMAND** |
| Cleveland, OH 44106 | ) | |
| | ) | |
| Defendants. | ) | |

## I. NATURE OF ACTION

1. This is a civil-rights action brought under 42 U.S.C § 1983 seeking compensatory damages. First, this case alleges that University Circle police officers used excessive

force against Latoya Wilson, causing substantial injury. Second, that University Circle, Inc. and University Circle Police Department, violated the Fourth and Fourteenth Amendments of the United States Constitution by adopting customs and policies that encouraged police officers to use excessive force against people of color. Third, University Circle, Inc. and University Circle Police Department have adopted a custom, policy, or practice that fails to train police officers on how to deal with individuals with mental illness. These customs, policies, and practices led to the unreasonable, forcible detention of Latoya Lation Wilson.

2. The Defendants' unreasonable practices, customs, and policies, coupled with the deliberate indifference demonstrated by University Circle's failure to discipline officers who used excessive force, directly and proximately caused Latoya Wilson's injuries.

## II. PARTIES

3. Plaintiff Latoya Lation Wilson resides in Cleveland, Ohio.

4. Defendants John Garbo, Bradley Nicholson, and Timothy Cane, were and still are active duty police officers in the University Circle Police Department, and are each a "person" subject to suit within the meaning of 42 U.S.C. § 1983.

5. Defendant University Circle, Inc. is a qualifying non-profit organization under R.C. § 1702.80 who may establish a police department. Under this statute the organization's police department works concurrently with the geographical territory's municipal corporation to perform law enforcement duties. The statute states "each police officer who is employed by a police department established by a qualified nonprofit corporation … is vested, while directly in the discharge of that police officer's duties as a police officer, with the same powers and authority as are vested in a police officer of a

municipal corporation under Title XXIX of the Revised Code and the Rules of Criminal Procedure."

6. University Circle Inc. and University Circle Police Department are each a "person" subject to suit within the meaning of 42 U.S.C. § 1983.

### III. JURISDICTION AND VENUE

7. Jurisdiction over federal claims under 42 U.S.C. §§ 1983 and 1988, which provides for attorney and expert fees for vindication of civil-rights claim, is asserted under 28 U.S.C. §§ 1331 and 1343.

8. This Court has personal jurisdiction over the Defendants and venue is proper in this Court under 28 U.S.C. § 1391 because the events giving rise to Plaintiff's claim took place within the Court's jurisdiction.

### IV. FACTUAL BACKGROUND

9. On May 07, 2022, at 7:45 p.m., Latoya Wilson was walking within Lake View Cemetery to pay blessings to those buried there during Mothers' Day weekend.

10. Latoya has a diagnosis of Bipolar Disorder.

11. Latoya is Black.

12. Officer Nicholson #10, Officer Garbo #36, and Sgt. Caine #302 responded to a report of a female refusing to leave the property at the direction of an employee.

13. Upon their arrival, the officers approached Latoya and advised her that she was trespassing and needed to vacate the premises.

14. The Officers ordered Latoya to walk towards the exit at Euclid Ave., but Latoya stated she would exit at Mayfield Rd and began walking.

15. The Officers offered to drive Latoya to the exit, but Latoya wanted to walk there herself.

16. Before entering their vehicles, Officer Nicholson stated "she is committing a crime… can't we do a whole hands on, use of force thing."

17. As Latoya walked to the exit, the Officers followed her in their vehicles and continued to make comments from their vehicles.

18. At the exit, Latoya continued walking near the gate and did not comply with the Officers order to exit the premise.

19. The Officers stated they had given her the "easy way," but her lack of compliance with their orders would make them do this the "hard way."

20. Officer Garbo and Sgt. Caine put Latoya into an escort position, then proceeded to grab both her arms and force her face first into the ground.

21. In pushing Latoya to the ground, the Officers snapped Latoya's arm in half, loud enough to be heard on the Officers' body camera footage.

22. Latoya told the Officers the position they held her arms was painful and continued to move her arms and body as a result of the pain.

23. Officer Garbo stated that Latoya's arm was broken because he heard a popping sound.

24. All three officers continued to restrain Latoya on the ground and put her in handcuffs, despite having a reasonable belief that Latoya's arm was broken and her continual cries of pain.

25. The Officers ignored Latoya's pain and forcibly placed her into their patrol cars to take her to the hospital.

26. Despite Latoya posing no threat to anyone or herself, the Officers used excessive force to make her leave a public cemetery only 15 minutes after closing.

**University Circle Police Department has failed to hold uphold their agreement with the City of Cleveland in reviewing their officers' conduct for accountability purposes.**

27. The agreement between the University Circle Police Department and the City of Cleveland outlines the process of reviewing citizen's complaints against the police department. The agreement orders the establishment of a complaint board made up of non-University Circle Police Department persons to review, investigate, hear, and make findings on civilian complaints about the department's policies, practices, and the conduct of its officers.

28. As of April 2022, the University Circle Police Department has not trained the review board to conduct investigations into citizen complaints against the police department. Therefore, no review board has received or reviewed any complaints filed in the year 2020 or 2021.

29. The 2018 agreement amendment required the review board to be created and trained within 90 days of the effective date of the amendment.

30. As a result of University Circle Police Department's failure to establish a complaint board, the department's sergeants and captains handled the investigations for citizen complaints filed in 2020 and 2021.

31. In a complaint filed by Sharif Shabaz Ra El, he states that University Circle police officers threatened to "snatch him out the vehicle, throw him to the ground and tase him: during a traffic stop. The Sergeant reviewing the complaint found the officers "acted appropriately, professionally, and followed procedure while conducting a routine traffic stop."

32. As a result of University Circle Police Department's failure to establish a complaint board, no officers have received disciplinary action against them as a result of citizen

complaint, creating an environment with zero accountability for officers' conduct within the University Circle Police Department.

### University Circle Police Department is a part of several private police forces in the Cleveland Area who over police people of color within their jurisdictions

33. A ProPublica report published in 2020 found that 90% of the people charged by private police forces for University Hospitals and University Circle are Black.

34. The report stated that since January 2015, University Circle police have disproportionately charged or cited Black people, especially for trespassing, possession of marijuana and driving with a suspended license.

35. 94% of citations issued by University Circle police to residents in suburban Garfield Heights went to Black drivers when only 38% of people in that area are Black.

### Latoya was injured as a result of the Defendants' custom, policy, or practice of tolerating and encouraging the use of excessive force against people of color by the University Circle Police Department.

36. The City of Cleveland, which Defendants' cooperate with as per the statutory guidelines that establish their organizations, has had a long history of police officers using excessive force. The City of Cleveland knew about this pattern and practice of excessive force by its police officers, tolerated it, and sanctioned it.

37. A Department of Justice Report found that the City of Cleveland recklessly, wantonly, and/or intentionally does not train its police officers to deal with people with mental-health disabilities or impaired faculties.

38. University Circle Police Department officers receive identical training to officers within the City of Cleveland Police Department from the Ohio Peace Officer Training Academy.

39. The 2018 agreement amendment between University Circle Police Department and the City of Cleveland address the police department's compliance with the City of

Cleveland's policies after signing a consent decree with the Department of Justice in 2015.

V. **COUNT 1 Fourth and Fourteenth Amendment violation under 42 U.S.C. § 1983 for the officers' use of excessive force against Latoya**

40. Plaintiff incorporates all previous allegations by reference.

41. Defendants use excessive force against Latoya Wilson to forcibly remove her from a public place fifteen minutes after closing, breaking her arm.

42. Under the doctrine of respondent superior, the Defendants' were operating within the scope of their employment as officers under the University Circle Police Department.

43. As a direct and proximate result of Defendants' unlawful conduct, Latoya Wilson suffered and will continue to suffer economic and non-economic damages for which the Defendants are liable, including, but not limited to, mental, emotional, and physical pain and suffering.

VI. **COUNT 2 Fourth and Fourteenth Amendment violation under 42 U.S.C. § 1983 for a custom, policy, or practice of using excessive force**

44. Plaintiff incorporates all previous allegations by reference.

45. Defendants, University Circle, Inc. and University Circle Police Department, permitted, tolerated, and were deliberately indifferent to a pattern an practice of excessive force by its police officers at and around the time of Latoya Wilson's attack. This widespread tolerance of excessive force by police officers constituted a municipal policy, practice, or custom and led to Latoya Wilson's assault, injury, handcuffing, and arrest.

46. By permitting, tolerating, and sanctioning a persistent and widespread policy, practice, and custom of excessive force under which Latoya Wilson was assaulted, the Defendants deprived Latoya Wilson of rights, remedies, privileges, and immunities guaranteed to

every citizen of the United States, secured by 42 U.S.C. § 1983, including, but not limited to, the right to be free from gratuitous and excessive force guaranteed by the Fourth and Fourteenth Amendment to the United States Constitution.

47. As a direct and proximate result of Defendants' unlawful conduct, Latoya Wilson suffered and will continue to suffer economic and non-economic damages for which the Defendants are liable, including, but not limited to, mental, emotional, and physical pain and suffering.

## VII. COUNT 3 Fourth and Fourteenth Amendment violation under 42 U.S.C. § 1983 deliberate indifference/failure to train police officers on how to interact with individuals with mental illness or impaired faculties

48. Plaintiff incorporates all previous allegations by reference,

49. Defendants, University Circle, Inc. and University Circle Police Department, acting under the pretense and color of law, created, permitted, tolerated, and was deliberately indifferent to a pattern and practice of failing to train officers on how to interact with individuals with mental illness or impaired faculties. This widespread denial of training for a foreseeable population that will interact with police officers constitutes a municipal policy, practice, or custom and led to Latoya Wilson's assault.

50. By permitting, tolerating, and sanctioning a persistent and widespread policy, practice, and custom under which Latoya Wilson was assaulted, the Defendants deprived Latoya Wilson of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, secured by 42 U.S.C. § 1983, including, but not limited to, the right to be free from gratuitous and excessive force guaranteed by the Fourth and Fourteenth Amendment to the United States Constitution.

51. As a direct and proximate result of Defendants' unlawful conduct, Latoya Wilson suffered and will continue to suffer economic and non-economic damages for which the Defendants are liable, including, but not limited to, mental, emotional, and physical pain and suffering.

VIII. **COUNT 4 Fourth and Fourteenth Amendment violation under 42 U.S.C. § 1983 deliberate indifference/failure to discipline officers' unreasonable seizure and excessive use of force against Latoya**

52. Plaintiff incorporates all previous allegations by reference.

53. Plaintiffs believe that current high-ranking officials and senior police supervisors, implicitly condoned police officers' excessive use of force by failing to discipline officers.

54. Defendants', University Circle, Inc. and University Circle Police Department, deliberate indifference signals to officers that they should not fear discipline for using excessive force.

55. By permitting, tolerating, and sanctioning a persistent and widespread policy, practice, and custom under which Latoya Wilson was assaulted, the Defendants deprived Latoya Wilson of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, secured by 42 U.S.C. § 1983, including, but not limited to, the right to be free from gratuitous and excessive force guaranteed by the Fourth and Fourteenth Amendment to the United States Constitution.

56. As a direct and proximate result of Defendants' unlawful conduct, Latoya Wilson suffered and will continue to suffer economic and non-economic damages for which the Defendants are liable, including, but not limited to, mental, emotional, and physical pain and suffering.

IX. **PRAYER FOR RELIEF**

For the reasons stated above, Plaintiff respectfully requests the following relief from the Court.

A. Declare that Defendants' acts and conduct constitute violations of the Fourth and Fourteenth Amendments of the U.S. Constitution under 42 U.S.C. § 1983;

B. Judgement in Plaintiff's favor as to all claims for relief;

C. Special and general damages to compensate for the injuries Latoya Wilson sustained to the Defendants' unconstitutional customs, policies, and practices including economic and non-economic damages for medical costs, pain, suffering, humiliation, and emotional distress;

D. Award attorney's fees to the Plaintiff;

E. Require a review of the 2018 amendment to the agreement between the City of Cleveland and University Circle Police Department, requiring University Circle Police Department to comply with all policies resulting from the 2015 consent decree between the City of Cleveland and the Department of Justice.

F. All other relief in law or equity to which Plaintiff is entitled and that the Court deems equitable, just, or proper.

X. **JURY DEMAND**

Plaintiff demands a trial by jury on all issues within this Complaint.

Respectfully Submitted,

*/s/ Bruce Taubman*
BRUCE M. TAUBMAN (0001410)
Taubman Law

1826 W. 25th
Cleveland, OH 44113
PH: (216) 621-0794
FAX: (216) 621-8886
brucetaubman@taubmanlaw.net
Attorney for Plaintiff